**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOCYELYNN S. CULBERTSON, | ) | CASE NO. 1:24-cv-01847 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff filed a Complaint challenging the final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB). (R. 1). Pursuant to Local Rule 72.2, the case was referred to Magistrate Judge Reuben J. Sheperd, who issued his Report and Recommendation (R&R) recommending that the Court affirm the Commissioner's decision. (R. 10). Plaintiff filed an objection within the fourteen-day deadline, (R. 11), and the Commissioner filed a response. (R. 12). For the reasons stated below, Plaintiff's objections, (R. 11), are overruled, and the Report and Recommendation, (R. 10), is adopted in its entirety.

**I. Standard of Review**

When a magistrate judge submits an R&R, a reviewing court is required to conduct a *de novo* review of those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the R&R must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's decision] is supported by substantial evidence and was made pursuant to proper

legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge (ALJ).[1]  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is more than a mere scintilla, but less than a preponderance, of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam). If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

This standard allows considerable latitude to administrative decision makers. "The statutory scheme presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision. In determining whether

---

[1]      For the Commissioner to find that a plaintiff is entitled to receive disability benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

substantial evidence supports the ALJ's findings in the instant matter, however, the Court must examine the record as a whole and consider what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

## II. Analysis

### A. Background

The Court adopts and incorporates the recitation of the factual and treatment history from the R&R. (R. 10). As is relevant here, the ALJ found that, among other impairments, Plaintiff had severe impairments of "anxiety; depression; attention deficit hyperactivity disorder [(ADHD)]; obsessive compulsive disorder [(OCD)]; and posttraumatic stress disorder [(PTSD)]." (R. 5, PageID 44, Tr. 21). He determined that Plaintiff had the residual functional capacity (RFC) to, "occasionally interact with coworkers and supervisors, but never with the general public." (*Id.* at 46, Tr. 23). In making this determination, the ALJ considered the medical opinions, Plaintiff's subjective statements, and the objective medical evidence in the record. (*See id.* at 46-54, Tr. 23–31).

As part of his discussion of the medical-opinion evidence, the ALJ evaluated the persuasiveness of the initial and reconsideration level opinions from state agency psychologists, Kristen Haskins and Robyn Murry-Hoffman. (*Id.* at 53, Tr. 30). Dr. Haskins opined that Plaintiff was capable of "occasional, superficial interactions with others." *Id.* At the reconsideration level, Dr. Murry-Hoffman affirmed Dr. Haskins's opined limitations. (*Id.* at 117, Tr. 94).

The ALJ determined that these opinions were "generally persuasive." (*Id.* at 53, Tr. 30). He reasoned that these opinions were based "on a review of the record and supported … [by] citations to the record, including [Plaintiff]'s treatment history and activities of daily living." *Id.* He further reasoned that these opinions were "generally consistent with the evidence at the initial

3

and reconsideration levels showing mostly intact psychological objective findings." *Id.* Nevertheless, he did not adopt Drs. Haskins and Murry-Hoffman's opinions "verbatim." *Id.* He reasoned that "some of the limitations [we]re not in vocationally relevant terms" and "the evidentiary record at the administrative hearing level support[ed] somewhat greater mental limitations," specifically an "additional limitation to no interaction with the general public." *Id.*

Plaintiff's Brief on the Merits set forth one assignment of error concerning the ALJ's RFC determination that Plaintiff could occasionally interact with coworkers and supervisors, asserting it was error for the ALJ not to explain why a superficial-interaction limitation was not included. (*See* R. 6, PageID 1104-09). Specifically, Plaintiff argued that the ALJ did not adequately explain why he excluded Drs. Haskins and Murry-Hoffman's opined limitation to superficial interaction with coworkers and supervisors from Plaintiff's RFC. *Id.* Plaintiff argued that the terms "occasional" and "superficial" are "not identical" as "occasional" refers to quantity of time spent interacting while "superficial" refers to the quality of the interactions. (*Id.* at 1106-07 (citing *Hummel v. Comm'r of Soc. Sec.*, No. 2:18cv28, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020); *Lindsey v. Comm'r of Soc. Sec.*, 2:18cv18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018)). Thus, Plaintiff asserted the ALJ's exclusion of the superficial limitation from the RFC was inconsistent and required an explanation rather than implying that this limitation was not in vocationally relevant terms. (*Id.* at 1104-09). According to Plaintiff, this finding was not supported by substantial evidence

The Magistrate Judge, however, determined that the ALJ properly excluded the limitation to superficial interactions (R. 10, PageID 1142-46), and recommended affirming the ALJ's decision. (*Id.* at 1131). He reasoned that an ALJ need not incorporate every opined limitations in the RFC, even when the ALJ finds the overall opinion persuasive. (*See id.* at 1143-46). In

4

addition, the Magistrate Judge explained that RFC determinations are administrative findings reserved to the Commissioner, so an ALJ does not err by basing his RFC determination on the record rather than a medical opinion. (*Id.* at 1144-45). And here, the ALJ "sufficiently explain[ed] his reasoning with respect to the limitations opined by Drs. Haskins and Murry-Hoffman." (*Id.* at 1145-46).

### B. Plaintiff's Objection

Plaintiff did not challenge the ALJ's overall evaluations of Drs. Haskins and Murry-Hoffman's opinions, (R. 6), and does not object to the Magistrate Judge's determination that the ALJ's evaluation of these opinions was supported by substantial evidence. (R. 11). Because the ALJ adequately evaluated the opinions' supportability and consistency, (R. 5, PageID 53, Tr. 30), as required by 20 C.F.R. 404.1520c(b)(2)-(c)(2), the Court agrees that the ALJ's evaluation of these opinions is supported by substantial evidence.

Plaintiff, however, objects to the Magistrate Judge's determination that the ALJ properly accounted for the state agency psychologists' opined limitations in the RFC. (R. 11, PageID 1149-52). Specifically, Plaintiff argues the Magistrate Judge did not clarify how the ALJ adequately explained "why the contradictory opinion" limiting Plaintiff to superficial interaction with coworkers and supervisors "was not adopted." *Id.* She contends the ALJ's "claim[] that some limitation[s] were not in vocationally relevant terms" did not sufficiently explain the exclusion. (*Id.* at 1151).

### C. The Court's Findings

#### 1. Limitations to "occasional" and "superficial" interaction do not conflict.

An ALJ is not required to adopt the "state agency psychologist[s'] opinions verbatim; nor is the ALJ required to adopt the state agency psychologist[s'] limitations wholesale." *Reeves v.*

*Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). Nevertheless, if "the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). As Plaintiff correctly noted in her Brief on the Merits, some district courts "have adopted a fixed vocational definition of 'superficial interactions,' and 'presumed' that this definition is 'qualitatively inconsistent with occasional' interactions.'" *Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21cv746, 2023 WL 4991918, at *6-8 (S.D. Ohio Aug. 4, 2023) (compiling cases), *report & recommendation adopted*, 734 F. Supp. 3d 729 (S.D. Ohio 2024).

These courts define "occasional" as limiting the quantity of time spent interacting and "superficial" as limiting the quality of the interactions. *See, e.g.*, *Hutton v. Comm'r of Soc. Sec.*, No. 2:20cv339, 2020 WL 3866855, at *4-5 (S.D. Ohio July 9, 2020), *report & recommendation adopted*, 2020 WL 4334920 (S.D. Ohio July 28, 2020); *Hummel*, 2020 WL 13572215, at *4; *Lindsey*, 2018 WL 6257432, at *4-5. They reason that because these definitions are inconsistent, ALJs, in accordance with the regulations, must sufficiently explain RFC determinations adopting opined "occasional interaction" limitations while omitting "superficial interaction" limitations or translating opined "superficial interaction" limitations into RFC limitations to occasional interaction. *See, e.g.*, *Stephen D.*, 2023 WL 4991918, at *6-8 (compiling cases); *Hutton*, 2020 WL 3866855, at *4-5; *Hummel*, *supra*, at *4; *Lindsey*, *supra*, at *4-5. According to these courts, because "'superficial interaction' is a well-recognized, work-related limitation," an ALJ's explanation that he declined to adopt such a limitation because "superficial" is vocationally vague or not a vocationally relevant term is insufficient. *Hutton*, 2020 WL 3866855, at *5; *see also Stephen D.*, 2023 WL 4991918, at *6-8 (compiling cases).

Indeed, as other courts have explained, "'[s]uperficial' and 'occasional' are of course two

6

different words, and they have at least somewhat different meanings." *Stephen D.*, 734 F. Supp. 3d at 737. As relevant here, "superficial" means "concerned only with the obvious or apparent: shallow." Merriam-Webster (last visited March 12, 2026),  https://www.merriam-webster.com/dictionary/superficial. "Occasional" means "occurring, appearing, or taken at irregular or infrequent intervals" *Id.,* https://www.merriam-webster.com/dictionary/occasional. When "modifying 'interactions' – *i.e.*, an individual's social interactions – one could understand that the colloquial use[s] of those adjectives are different." *Stephen D.*, *supra,* at 737.

Additionally, at least in the context of physical RFC limitations, the Dictionary of Occupational Titles (DOT) and Selected Characteristics of Occupations (SCO) define "occasionally" as occurring up to one-third of the time. *Beulah v. Comm'r of Soc. Sec.*, No. 1:20cv2271, 2022 WL 1609236, at *29-30 (N.D. Ohio Mar. 25, 2022), *report & recommendation adopted sub nom.*, *Beulah v. Kijakazi*, No. 1:20cv2271, 2022 WL 1606286 (N.D. Ohio May 20, 2022); *see also Stephen D.*, 734 F. Supp. 3d at 737-38 (citing SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983)). This vocational definition refers to the quantity of time spent interacting. *See Stephen D.* at 737-38 (citing SSR 83-10, 1983 WL 31251, at *5). Thus, this Court agrees that the term, "occasional interactions," refers to the quantity or frequency of interaction while, in the colloquial sense, "superficial" appears to indicate the quality of something. *Id.* at 738; *see also Holmes v. Saul*, No. 5:19cv2556, 2020 WL 6747750, at *9-12 (N.D. Ohio Oct. 26, 2020), *report & recommendation adopted*, 2020 WL 6746647 (N.D. Ohio Nov. 17, 2020); *Perrine v. Berryhill*, No. 1:18cv49, 2019 WL 1331597, at *7-8 (N.D. Ohio Mar. 25, 2019).

Nevertheless, the Court "concludes that 'occasionally' does not create a sufficient conflict with 'superficially' when applied to 'interactions' that the ALJ would be required to"

explain adopting a limitation to occasional interaction while omitting a limitation to superficial interaction. *Stephen D.*, 734 F. Supp. 3d at 738. "[T]ime-limited 'occasional' interactions in an unskilled work setting are reasonably understood to require only surface-level interactions." *Id.*; *cf. Metz v. Kijakazi*, No. 1:20cv2202, 2022 WL 4465699, at *9-10 (N.D. Ohio Sept. 26, 2022). "[W]hen a person is limited to engaging in only short and infrequent interactions, that strongly correlates, as a practical matter, with interactions that are superficial, as well." *Id.* at 738. Thus, "the correlation between the two terms … suggests that no real conflict exists" between them. *Id.* Therefore, an ALJ need not necessarily explain the decision to include an "occasional interaction" limitation while excluding a "superficial interaction" limitation. *See* SSR 96-8p, 1996 WL 374184, at *7.

Although, as described above, this conclusion is in tension with some existing unreported decisions, other cases in this jurisdiction have reached the same conclusion as the Court does today. *See, e.g.*, *Stephen D.*, 2023 WL 4991918, at *6-9 (compiling cases). The cases that conflict with this Court's conclusion are "nonbinding district court cases." *Stephen D.*, 734 F. Supp. 3d at 740 (compiling cases). While this Court's conclusion comports with published persuasive precedent, *id.* at 737-41, and the U.S. Court of Appeals for the Sixth Circuit's published binding precedent in *Reeves*, 618 F. App'x at 275.

In *Reeves*, the Sixth Circuit did not discuss this issue "in detail." *Stephen D.*, 734 F. Supp. 3d at 738; *Holmes*, 2020 WL 6747750, at *12. Nevertheless, *Reeves* "at least suggests that 'superficial' and 'occasional' are consistent descriptions of a [plaintiff]'s abilities for purposes of determining a disability RFC." *Stephen D.*, 734 F. Supp. 3d at 738. In *Reeves*, the psychological consultants opined that the plaintiff was moderately limited in his ability to interact appropriately with the public and only "able to relate to a few familiar others on a superficial basis." 618 F.

8

App'x at 275. The ALJ merely limited the plaintiff to "only occasional interaction with the public." *Id.* The Sixth Circuit held that the ALJ's RFC limitation was not inconsistent with the psychological consultants' opined limitations. *Id.* In doing so, the Sixth Circuit did not address the somewhat different definitions of "occasional" and "superficial." *Holmes*, 2020 WL 6747750, at *12. Nevertheless, *Reeves'* conclusion that a limitation to "occasional interaction" was not inconsistent with the opinion that a plaintiff could relate "to a few familiar others on a superficial basis" supports the interpretation that "occasional" and "superficial" interaction limitations are not inconsistent. 618 F. App'x at 275. Moreover, "*Reeves* provides the only guidance from the Sixth Circuit on whether 'occasional' and 'superficial' are meaningfully distinct descriptions for an RFC." *Stephen D.*, 734 F. Supp. 3d at 739. That Court's analysis and conclusions are therefore instructive. *Id.*

### 2. Even if the limitations conflict, the ALJ provided adequate explanation.

In making an RFC determination, an ALJ must evaluate the medical opinions in the record and determine their persuasiveness. SSR 96-8p, 1996 WL 374184, at *7; 20 C.F.R. § 404.1520c. If the RFC conflicts with a medical opinion, the ALJ must "explain why the opinion was not adopted," SSR 96-8p, 1996 WL 374184, at *7. Thus, assuming "occasional" and "superficial" interaction limitations conflict, an ALJ "fails to adequately justify" RFC determinations adopting the former while omitting the latter, when he or she "fails to explain the[] reasons" for doing so. *See Beulah*, 2022 WL 1609236, at *30 (compiling cases); *see also Holmes*, 2020 WL 6747750, at *9-12; *Perrine*, 2019 WL 1331597, at *7-8.

Plaintiff argues that the ALJ did not provide an explanation for his RFC determination regarding Drs. Haskins and Murry-Hoffman's opined interaction limitations. (R. 11, PageID# 1149–52). Contrary to Plaintiff's assertions, the ALJ explained his reasoning. The psychologists

9

opined that Plaintiff was capable of "occasional, superficial interactions with others." (R. 5, PageID# 105, 117, Tr. 82, 94). The ALJ determined that these opinions were generally persuasive, and adopted an RFC limitation to "occasionally interact[ing] with coworkers and supervisors, but never with the general public." (*Id.* at 46, 53, Tr. 23, 30). He explained that he did not adopt Drs. Haskins and Murry-Hoffman's opined limitations verbatim because "some of th[ose] limitations" were "not in vocationally relevant terms" and "the evidentiary record at the administrative hearing level support[ed] somewhat greater mental limitations." (*Id.* at PageID# 53, Tr. 30). The "greater mental limitation" the ALJ incorporated in the RFC was the "additional limitation to no interaction with the general public." (*Compare id.* at 53 Tr. 30, *with id.* at PageID# 105, 117, Tr. 82, 94). As such, the ALJ explained that he omitted the opined limitation to superficial interaction with coworkers and supervisors because it was "not in vocationally relevant terms." (*Id.* at 53, Tr. 30). Therefore, even assuming the terms "occasional" and "superficial" conflict in the context of limitations on a plaintiff's workplace interactions, the ALJ sufficiently explained his decision to adopt one term over the other.

Plaintiff argues, (*see* R. 11, PageID# 1151; R. 6, PageID# 1108), and other district courts in unpublished decisions have found this explanation insufficient, *Hutton*, 2020 WL 3866855, at *5; *see also Stephen D.*, 2023 WL 4991918, at *6-8 (compiling cases). Nevertheless, "reasonable jurists can disagree," *Stephen D.*, 2023 WL 4991918, at *8, and this Court, like others, disagrees. First, unlike "occasionally," "superficial" is not defined in the DOT, the SCO, or elsewhere in the Social Security Regulations. *Beulah v. Comm'r of Soc. Sec.*, 2022 WL 1609236, at *29–30. In fact, "no controlling authority provides any vocational definition of 'superficial' work[]place interactions." *Stephen D.*, 2023 WL 4991918, at *14. As such, despite the terms' somewhat different colloquial definitions, precisely how their vocational definitions would differ when

10

applied to limit interactions in RFC limitations is unclear. *See Sasha M. v. Comm'r of Soc. Sec.*, No. 2:22cv2101, 2023 WL 1793536, at *9 (S.D. Ohio Feb. 7, 2023), *report & recommendation adopted*, 2023 WL 6383450 (S.D. Ohio Sept. 29, 2023).

It is similarly not clear the manner of communications Drs. Haskins and Murry-Hoffman intended to exclude when they limited Plaintiff to "occasional, superficial interactions with others." (R. 5, PageID# 105, 117, Tr. 82, 94). It is also not apparent how or even whether Drs. Haskins and Murry-Hoffman's opined limitations would conflict with the RFC limitation to "occasionally interact[ing] with coworkers and supervisors, but never with the general public." (*Id.* at 46, Tr. 23). Furthermore, "SSA guidance suggests that it would have been improper for the ALJ to simply adopt" a limitation to superficial interaction "without articulating a clear definition of the term on the record." *Beulah*, 2022 WL 1609236, at *31 (citing *Modro v. Comm'r of Soc. Sec.*, No. 2:18cv900, 2019 WL 1986522, at *6-7 (S.D. Ohio May 6, 2019)). Therefore, the ALJ's explanation that he omitted this limitation because it was "not in vocationally relevant terms," (*see* R. 5, PageID# 53, Tr. 30), is sufficient.

Second, "in deciding whether the ALJ has adequately 'explained' the decision not to adopt particular phrasing from a medical opinion, this Court's review is largely constrained to whether that explanation [wa]s rational such that the Court can 'trace the path of [its] reasoning.'" *Stephen D.*, 734 F. Supp. 3d at 741 (alteration in original) (quoting *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011)). In the context of medical opinions, if the ALJ's explanation adequately evaluates them "in conformance with the standardized criteria found in the regulations, any further court review for substance is very constrained." *Id.* at 741 (citation omitted) (citing 20 C.F.R. § 404.1520c(c)). "Stated alternatively, if the ALJ has undertaken a procedurally proper review…and the challenge is to the substance of the ALJ's

11

formulation after that procedurally proper review, the bar for any such challenge is high, and it is the [plaintiff]'s burden to meet it." *Id.*

Here, as explained above, the ALJ "performed a procedurally proper review" such that the Court can "certainly … trace [his] reasoning." *See id.* at 741-42. In fact, Plaintiff does not contend that the ALJ's evaluation of the state agency psychologists' opinions was inadequate. (R. 6; R. 11). Rather, as explained above, she argues "that the ALJ erred because his *explanation* was substantively inadequate." *Id.* at 742 (emphasis added). To succeed on that challenge, Plaintiff must demonstrate that the explanation is not supported by substantial evidence "rather than [that it is] simply *different* from the medical opinion[s]." *Id.* Nevertheless, Plaintiff merely objects to the ALJ's explanation that the opined limitation at issue was "not in vocationally relevant terms." She argues this was insufficient because "that would not have been a reason to reject the opinion, only an explanation that the opinion would need to be translated into something more vocationally relevant, which clearly was not done." (R. 11, PageID# 1151). As explained above, however, an opined limitation not being in vocationally relevant terms is reason to reject that limitation. *See Beulah*, 2022 WL 1609236, at *29–31; *Sasha M.*, 2023 WL 1793536, at *9. Therefore, because Plaintiff does not demonstrate that the ALJ's explanation was not supported by substantial evidence, she failed to meet her burden. *See Stephen D.*, 734 F. Supp. 3d at 742-43.

### 3. If the ALJ committed any error, it was harmless.

Generally, asserted errors of an ALJ are analyzed under a harmless error standard. *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). "When 'remand would be an idle and useless formality,' courts are not required to 'convert judicial review of agency action into a ping-pong game.'" *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004)

(quoting *N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)). Accordingly, courts "will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Rabbers*, 582 F.3d at 654 (quoting *Connor v. U.S. Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)).

Here, Plaintiff does not allege that procedural lapses deprived her of substantial rights. (R. 11; R. 6). As to prejudice, there is no reasonable basis to conclude that the ultimate disability determination would have changed if the ALJ adopted Drs. Haskins and Murry-Hoffman's opined limitation to superficial interaction with coworkers and supervisors. (*See generally* R. 5). Based on the RFC determination and the vocational expert's testimony, the ALJ found that Plaintiff could perform certain "representative occupations at the light, unskilled SVP 2 level," such as garment sorter, packager, and laundry worker. (*Id.* at 55, Tr. 32). Nothing in the record indicates that Plaintiff would be unable to perform these jobs if limited to "superficial interaction" with coworkers and supervisors rather than, as the ALJ determined, "occasional[] interact[ion] with coworkers and supervisors, but never with the general public." *Id.*

Thus, even if the ALJ erred by incorporating a limitation to "occasional," but not "superficial," interaction with coworkers and supervisors into the RFC on the basis that "superficial" is "not a vocationally relevant term," (*id.* at 53, 30), Plaintiff "has failed to show that the error resulted in any harm." *Stephen D.*, 734 F. Supp. 3d at 743.

**III. Conclusion**

The Court has carefully reviewed the R&R according to the above-referenced standards, along with the ALJ's decision and Plaintiff's Objection thereto. The Court agrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate Judge's Report and

14

Recommendation, (R. 10), is hereby ADOPTED in its entirety and incorporated herein. The

Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.


Date: March 12, 2026                          s/ *David A. Ruiz*
                                              David A. Ruiz
                                              United States District Judge

14